IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nurtien Ag Solutions, Inc.,<br>Plaintiff,<br>vs.<br>Terrance Ford<br>Defendant. | COMPLAINT<br>Commercial Collection<br>(Non-Jury) |

Plaintiff, Nutrien Ag Solutions, Inc., complaining of Defendant, Terrance Ford, alleges:

**JURISDICTION AND VENUE**

1. Plaintiff is a corporation organized and existing under the laws of the state of Delaware, with authority pursuant to S.C. Code § 33-15-101(b)(8) to transact business in South Carolina.

2. Plaintiff is a provider of crop inputs and agricultural services for farmers.

3. Defendant is a citizen and resident of Marion County, South Carolina.

4. A substantial part of the events or omissions giving rise to this claim occurred in Marion County, South Carolina. Defendant regularly does business in Marion County. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. The court has subject-matter jurisdiction over this case under 28 USC § 1332(a) since this is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, between citizens of different states.

6. Venue is proper under 28 USC § 1391(b)(1) and (2) because Defendant is domiciled in this district and a substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

7. Pursuant to 28 USC § 121(3), this action is properly assignable to the Florence Division of the United States District Court for the District of South Carolina.

8. Defendant is an experienced farmer.

9. Plaintiff and Defendant have had a business relationship whereby Plaintiff provided services to Defendant and sold Defendant agricultural inputs such as herbicide, seed, insecticide, fungicide, and other agricultural chemicals.

FOR A FIRST CLAIM FOR RELIEF
(Suit on Account)

10. All paragraphs above are incorporated by reference.

11. On February 8, 2024, Defendant executed and delivered to Plaintiff a Credit Application – Credit Agreement (the "Credit Agreement") wherein Plaintiff and Defendant agreed to certain terms for the credit sale of herbicide, seed, insecticide, fungicide, and other agricultural chemicals and related products and services on an open account. Defendant signed the Credit Agreement as an Individual Buyer. A copy of the Credit Agreement is attached as **Exhibit A** and incorporated herein by reference.

12. As Defendant purchased products, equipment, or services, Plaintiff would issue an invoice. Each Invoice provides that the terms of the invoice, any other document which incorporates the terms of the invoice, and any terms conditioned on any product make up the entire "Agreement." A typical invoice showing the terms of purchases is attached as **Exhibit B**.

13. Monthly statements were issued on a regular schedule to Defendant. Monthly statements incorporate the terms of the invoices and thus are part of the Agreement. A typical monthly statement is attached as **Exhibit C**.

14. Based on the Agreement, Plaintiff extended credit to Defendant.

15. As a result, Defendant established two accounts with Plaintiff, a Nutrien Standard Terms Account (ending in 5450) and a Nutrien Financial Supplier Account (ending in 6866).

16. Under the terms of the Agreement, Defendant promised to pay in full for all credit sale purchases, along with accumulated finance charges, fees and expenses due under the Agreement as stated on each invoice.

17. Under the terms of the Agreement, Defendant also agreed that any invoice not paid in full on or before the due date would be assessed a finance charge of 1.5% per month (18% APR).

18. Under the terms of the Agreement, qualifying purchases were placed on Defendant's Supplier Account, which had more favorable rates and terms than the Standard Terms Account.

19. Defendant also agreed under the Agreement that his failure to make any payment to Plaintiff as and when due would constitute default. Furthermore, upon default of the Supplier Account Nutrien was entitled to transfer those charges to Defendant's Standard Terms Account. Defendant also agreed that upon default, Plaintiff would be entitled to declare all credit obligations immediately due and payable without presentment, demand, or notice of nonperformance, notice of protest, notice of dishonor, or notice of intent to accelerate. Defendant further agreed to pay all reasonable costs and expenses of every kind incurred by Plaintiff in connection with the collection of Defendant's credit obligations to Plaintiff, including without limitation, reasonable attorneys' fees and court costs.

20. Defendant purchased goods and services from Plaintiff as shown on the AR Ledger attached as **Exhibit D**.

21. Except as shown on the AR Ledger, Defendant failed to pay for his purchases and charges, thereby breaching the terms of the Agreement; and Plaintiff, as appropriate, moved charges made to the Supplier Account over to the Standard Terms Account and declared all of Defendant's credit obligations to be immediately due and payable.

22. There is due on Defendant's account the sum of $122,033.63 as of April 30, 2026, plus reasonable attorneys' fees and costs of collection. A verified statement of account (in the form of the Unsworn Declaration of Stacy Clarke Under Penalty of Perjury) is attached hereto as **Exhibit E** and made a part hereof by reference.

23. Plaintiff is informed and believes it is entitled to judgment against Defendant in the sum of One Hundred Twenty-Two Thousand, Thirty-Three and 63/100 Dollars ($122,033.63) as of April 30, 2026, plus reasonable attorneys' fees, prejudgment interest at the rate of 18% per annum, and the costs of collection.

**FOR A SECOND CLAIM FOR RELIEF**
(Quantum Meruit)

24. Paragraphs 1-9 are incorporated herein by reference.

25. Defendant purchased goods and services from Plaintiff for his use, enjoyment, benefit, business, and financial gain.

26. Defendant enjoyed and recognized the benefit of his purchases in his farming operation.

27. The value of those goods and services is One Hundred Twenty-Two Thousand, Thirty-Three and 63/100 Dollars ($122,033.63).

28. Defendant should not be allowed to retain the benefit after failing to pay for those purchases.

29. Plaintiff is informed and believes it is entitled to judgment against Defendant under this Second Claim for Relief for the sum of One Hundred Twenty-Two Thousand, Thirty-Three and 63/100 Dollars ($122,033.63) as of April 30, 2026, with pre-judgment interest accruing at the federal rate, plus court costs.

**WHEREFORE** Plaintiff prays for judgment against Defendant under the First Claim for Relief in the sum of One Hundred Twenty-Two Thousand, Thirty-Three and 63/100 Dollars ($122,033.63) as of April 30, 2026, plus reasonable attorneys' fees and expenses, prejudgment interest at the rate of 18% per annum, and costs; and, in the alternative,

Plaintiff prays for judgment against Defendant under the Second Claim for Relief in the sum of One Hundred Twenty-Two Thousand, Thirty-Three and 63/100 Dollars ($122,033.63) as of April 30, 2026 with pre-judgment interest accruing at the federal rate, plus court costs; and in either event, Plaintiff prays for such other and further relief as is just and proper.

*s/ Robert P. Wood*
Robert P. Wood (Fed Ct. ID #4738)
Rogers Townsend, LLC
1221 Main Street, 14th Floor (29201)
Post Office Box 100200
Columbia, SC 29201
(803) 771-7900
Robert.Wood@RogersTownsend.com

October 30, 2026

ATTORNEYS FOR PLAINTIFF